IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 20-CV-0609-MU |
| ) | |
| UNIVERSITY OF SOUTH ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

ORDER

On October 7, 2021, Defendants the University of South Alabama and the University of South Alabama Board of Trustees (collectively "Defendants") filed a motion to dismiss Plaintiff's Amended Complaint. (Doc. 23). Defendants argue that Plaintiff John Doe's Amended Complaint sets forth identical factual allegations and identical allegations in support of his Title IX claim,[1] and therefore, because these allegations have already been found to fail to state a claim, his Title IX claim should be dismissed with prejudice. *Id.* Doe filed a response in opposition to the motion to dismiss (Doc. 25), and Defendants filed a reply (Doc. 26). Based upon these filings, the pleadings filed herein, and the relevant law, Defendants' motion to dismiss Plaintiff's Amended Complaint is due to be **GRANTED**.

Plaintiff John Doe, a student at the University of South Alabama, originally brought this action against Defendants seeking recovery for selective enforcement/gender discrimination under Title IX (Count I), due process violations

---

[1] Because all other claims set forth in Plaintiff's original complaint have been dismissed with prejudice, the only remaining claim in this action is Plaintiff's Title IX claim. *See* Doc. 20.

under the United States Constitution pursuant to 42 U.S.C. §1983 (Count II), and breach of contract (Count III). (Doc. 1). Doe's lawsuit arises from his involvement in a University disciplinary proceeding in which he was accused of sexual misconduct by another student. On August 24, 2021, this Court dismissed Plaintiff's due process and breach of contract claims with prejudice. (Doc. 20). This Court also dismissed without prejudice Plaintiff's Title IX claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. Plaintiff requested leave to amend his complaint, *see* Doc. 15 at p. 22-23, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and the Court granted Plaintiff's request. (Doc. 20). Pursuant to the Court's order, Plaintiff filed his Amended Complaint on September 23, 2021. (Doc. 22). However, even though titled an Amended Complaint, the only amendment made to the complaint was to delete the claims that were dismissed with prejudice. The factual allegations and the Title IX claim allegations are identical to those that the Court found insufficient less than four months ago.[2] Plaintiff has cited no new case law that would alter the Court's initial determination. Therefore, for the reasons set forth in its original opinion, the Court again finds that Plaintiff's Amended Complaint fails to state a Title IX claim.

      Defendants have moved the Court to dismiss Plaintiff's Amended Complaint with prejudice. As pointed out by Defendants, it is within the Court's discretion to dismiss the complaint with prejudice. *See Byrnes v. Small*, 142 F. Supp. 3d 1262, 1274 (M.D. Fla. 2015) ("Finally, the Court finds that dismissal of this claim should be with prejudice. Notably, Plaintiffs' inadequate allegation . . . is *identical* to the allegation the Court

---

[2] In fact, the Amended Complaint even contains the same numbering error as the original complaint. (Doc. 1 at pp. 13-14 and Doc. 22 at p. 13).

already found inadequate in *Byrnes I*. . . . The Court is not inclined to grant Plaintiffs leave to amend yet again, when plaintiffs have already once declined to amend this allegation. . . ."); *Fairbanks v. City of Bradenton Beach,* 733 F. Supp. 1452, 1454-55 (M.D. Fla. 1990) (dismissing amended complaint claims that were "essentially identical" to the original complaint with prejudice). Like the plaintiffs in the cited cases, Plaintiff was granted leave to file an amended complaint that would address the Court's ruling that he failed to state a claim, but he failed to do so by filing an identical pleading. The Court can only conclude from this failure to address the deficiencies that Plaintiff cannot state a Title IX claim. Because Plaintiff has not demonstrated that any amendment would be viable, the Court concludes that any further opportunities to amend would be futile. Therefore, the Court finds it appropriate to dismiss Plaintiff's Amended Complaint with prejudice.

## CONCLUSION

For the reasons set forth above and in the Court's order dismissing his original complaint, Defendants' motion to dismiss the amended complaint is **GRANTED,** and Plaintiff John Doe's Amended Complaint (Doc. 22) is **DISMISSED with prejudice**.

**DONE** and **ORDERED** this the **9th** day of **December, 2021**.

s/P. BRADLEY MURRAY  
**UNITED STATES MAGISTRATE JUDGE**